**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

**CHRISTINE FURANDO**,

        Plaintiff,

v.

**STEVEN KOMIE**,

        Defendant.

Docket No. 2:24-cv-10610 (ES)(SDA)

**WHEREAS OPINION AND ORDER**

April 14, 2026

**STACEY D. ADAMS**, United States Magistrate Judge.

        **THIS MATTER** having come before this Court on the Motion for Leave to Serve Defendant Steven Komie ("Defendant") through an Authorized Representative filed by Plaintiff Christine Furando ("Plaintiff") (ECF No. 15), and no opposition having been filed, the Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78.

        **WHEREAS**, Plaintiff filed the Complaint on November 22, 2024 without paying the filing fee or submitting an application to proceed *in forma pauperis*. (ECF No. 1).

        **WHEREAS**, on January 6, 2025, the Honorable Esther Salas, U.S.D.J. ordered that Plaintiff's Complaint be withdrawn and directed the Clerk close the case. (ECF No. 4).

        **WHEREAS**, Plaintiff requested that the matter be reopened after she paid the filing fees. (ECF No. 7), and the Court reopened the case on March 21, 2025 and directed Plaintiff to serve her complaint on Defendant by the end of April 2025 or risk her matter being closed again for failure to prosecute the case. (ECF No. 8).

        **WHEREAS**, on July 31, 2025, Judge Salas issued a Notice of Call for Dismissal pursuant to Fed. R. Civ. P. 4(m) for failure to effect service within 90 days of the filing of the Complaint (ECF

1

No. 9) and, on September 9, 2025, dismissed the case for same. (ECF No. 10).

**WHEREAS**, on November 4, 2025, Plaintiff filed a motion to vacate the dismissal, reopen the case, and appoint counsel. (ECF No. 11). On November 26, 2025, Judge Salas granted Plaintiff's request to vacate dismissal and reopen the matter, and denied Plaintiff's request for counsel without prejudice. (ECF No. 12). Judge Salas ordered Plaintiff to serve a copy of the complaint and summons on Defendant by January 9, 2026. (*Id.*).

**WHEREAS**, on January 13, 2026, Plaintiff filed a Motion for Enlargement of Time to Effect Service of Process on Defendant. (ECF No. 14). On January 23, 2026, the Court granted Plaintiff an additional thirty days to serve Defendant and ordered that no further extensions would be granted absent exigent circumstances. (ECF No. 16).

**WHEREAS**, on January 16, 2026, Plaintiff filed the instant Motion for Leave to Serve Defendant through an Authorized Representative. (ECF No. 15). Plaintiff alleges that she has made diligent and good-faith efforts to locate and personally serve Defendant at his law office located at 134 South LaSalle Street Chicago, Illinois. (*Id.* at ECF-designated p. 1). Plaintiff has hired a licensed process server who, despite multiple attempts, has been unsuccessful because Defendant has never been physically present at his law office during service attempts. (*Id.*). Building personnel have confirmed that Defendant does not regularly appear at the office, though it is his official business address. (*Id.*). The process server has advised Plaintiff that continued attempts at personal service are unlikely to be successful due to Defendant's consistent absence. (*Id.* at ECF-designated p. 2).

**WHEREAS**, Plaintiff resides in New Jersey and is proceeding pro se. (*Id.* at ECF-designated p. 1). Plaintiff has extremely limited financial resources and each unsuccessful service attempt has resulted in significant expense. (*Id.*).

**WHEREAS**, Plaintiff seeks leave to effect service of process on Defendant by serving an authorized representative at the law office of Komie and Associates. (*Id.*).

**WHEREAS**, pursuant to Fed. R. Civ. P, 4(e):

Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
   (A) delivering a copy of the summons and of the complaint to the individual personally;
   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

**WHEREAS**, Fed. R. Civ. P. 4(e) authorizes the use of any means of service provided by the law not only of the forum state, but also of the state in which a defendant is served. *See* Notes of Advisory Committee on Rules - 1993 Amendment. Therefore, the Court must analyze both New Jersey law (where the District Court is located) and Illinois law (where Defendant is purportedly located) to determine whether alternative service is warranted here.

**WHEREAS**, in New Jersey, as under the Federal Rules, a plaintiff may serve an individual defendant by causing a summons and complaint to be personally served, leaving a copy of the summons and complaint at the individual's dwelling place or usual place of abode, or by delivering a copy of the summons and complaint to a person authorized by appointment or by law to receive service on the individual's behalf. N.J. Ct. R. 4:4-4.

**WHEREAS**, in Illinois, a plaintiff may serve an individual defendant by "(1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other

person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 Ill. Comp. Stat. 5/2-203(a).

**WHEREAS**, it is well settled under both New Jersey and Illinois law that service on a person at the defendant's place of business is insufficient. This is true under New Jersey law. *See, e.g., Soni v. Holtzer*, No. 06-cv-3894, 2007 WL 1521486, at *3 (D.N.J. May 23, 2007), *aff'd*, 255 F. App'x 614 (3d Cir. 2007) ("Rule 4(e)(2) does not authorize service by leaving copies of the summons and complaint with a person at the defendant's place of business."); *Clonan v. CentraState Healthcare Sys./Atl. Healthcare Sys.*, No. 24-cv-11399 (RK) (RLS), 2025 WL 2374514, at *6 (D.N.J. Aug. 15, 2025) ("Plaintiff's attempts to serve the individual Defendants by simply leaving copies of the Summons and FAC with receptionists at their places of employment are in contravention of Rule 4."); *Blount v. TD Bank, N.A.*, No. 20-cv-18805, 2021 WL 2651760, at *3 (D.N.J. June 28, 2021) (leaving the summons and complaint at an individual defendant's place of business does not satisfy Rule 4(e))). The same is true under Illinois law. *See* 735 Ill. Comp. Stat. 5/2-203; *Hoffer v. Bennett*, No. 08-cv-1275, 2010 WL 1790374, at *1 (C.D. Ill. Apr. 13, 2010), *report and recommendation adopted sub nom.*, *Hoffer v. Lyons*, No. 08-cv-1275, 2010 WL 1790373 (C.D. Ill. Apr. 29, 2010).

**WHEREAS**, "[s]ubstitute or constructive service [ ] is permitted when personal service within the state cannot be effected." *Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, No. 18-cv-11783, 2018 WL 6716104, at *2 (D.N.J. Dec. 20, 2018). "Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Id.*; *see also* N.J. Ct. R. 4:4-5(a); 4:4-4(b)(1); 4:4-5(b). "Diligence has no fixed standard." *Argonaut-Midwest*, 2018 WL 6716104 at *2 (citing *Modan v. Modan*, 327, N.J. Super. 44, 48 (App. Div. 2000)). "Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Guardian*

4

*Life Ins. Co. of Am. v. Est. of Walter Matesic*, No. 2:16-cv-00643 (WJM), 2016 WL 3763340, at *2 (D.N.J. July 14, 2016) (quoting *Modan*, 327 N.J. Super. at 48-49). Due diligence determinations, therefore, are a fact-sensitive inquiry in which "a plaintiff must demonstrate a good faith effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *Id.* (quoting *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (N.J. Super. Ct. Ch. Div. 2013)). "If a diligent inquiry has been established and service cannot be made by any other method, a Court may order an alternative method of substituted service as long as it is 'consistent with due process of law.'" *Prudential Ins. Co. of Am. v. Holladay*, No. 07-cv-5471, 2008 WL 1925293, at *2 (D.N.J. Apr. 30, 2008) (citing N.J. Ct. R. 4:4-4(b)(3)); *see also Marlabs Inc. v. Jakher*, No. 07-cv-4074 (DMC) (MF), 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (explaining that a proposed means of alternative service must comport with constitutional notions of due process). It is well-settled law that a proposed method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

**WHEREAS**, Illinois law similarly provides that service may be obtained by special court order where service through the means otherwise authorized is impracticable. *United Gen. Title Ins. Co. v. Tyer*, No. 00-cv-50453, 2001 WL 487957, at *2 (N.D. Ill. May 7, 2001) (citing 735 Ill. Comp. Stat. 5/2-203.1 and 735 Ill. Comp. Stat. 5/2-204). To obtain a special court order authorizing alternative service upon an individual defendant, the plaintiff must show via affidavit that it is impracticable to (1) leave a copy of the summons with the defendant personally, and (2) leave a copy at the defendant's usual place of abode with some person of the family or a person residing there at least 13 years old. *See* 735 Ill. Comp. Stat. 5/2-203; 735 Ill. Comp. Stat. 5/2-203.1. A motion to approve service under Section 5/2–203.1 "shall be accompanied with an affidavit stating the nature

5

and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical . . . , including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *In re Schmitt*, 747 N.E.2d 524, 527 (Ill. App. Ct. 2d Dist. 2001). If the moving party has satisfactorily made the required showing of "diligent inquiry" by affidavit, "[t]he court may order service to be made in any manner consistent with due process." *Id.* at 531.

**WHEREAS**, the Court finds Plaintiff has not exhibited diligence under either New Jersey or Illinois law to warrant alternate service. While Plaintiff took some steps toward effectuating service, including obtaining a process server and attempting service at Defendant's business address, these efforts alone do not constitute due diligence.

**WHEREAS**, as an initial matter, it is unclear how many attempts Plaintiff's process server made – in her motion Plaintiff vaguely asserts that the process servers made "multiple attempts" of service at Defendant's law office. Plaintiff does not attach proof of attempted service by a process server. The Court has no indication of how many times service was attempted, on what dates or at what time of day. Without such specificity, Plaintiff's attempted service does not meet the diligence standard.

**WHEREAS**, Plaintiff has also made no attempt to investigate possible alternative addresses for Defendant. Plaintiff has merely attempted to serve Defendant at his law firm address. *Cf. Kim v. Wade*, No. 23-cv-00951, 2023 WL 12221915, at *1 (N.D. Ill. June 26, 2023) (finding that Plaintiff's attempts to effectuate service at four separate addresses met the standard to justify alternative service). "A diligent effort . . . will generally involve 'several attempts at service in addition to broad investigative efforts such as searching public databases, tax records, credit records, and general Internet inquiries.'" *Just Vacations Inc. v. Labkovsky*, No. 24-cv-1603 (RK) (JBD), 2024 WL 3728070, at *2 (D.N.J. Aug. 8, 2024) (quoting *Granger v. Am. E-Title Corp.*, Civ. No. 10-cv-4627

6

(JLL), 2013 WL 1845338, at *9 (D.N.J. Apr. 10, 2013)). Plaintiff has not made any attempts to locate Defendant's home address and serve him there, nor has she made any other inquiries as to Defendant's whereabouts. She has not performed any search with the postal service, bar associations or the court. She has not ordered a "skip trace" through her process server or hired a private investigator. She has not mailed Defendant a copy of the summons and complaint along with a request to waive service. Fed. R. Civ. P. 4(d). Indeed, Plaintiff has done nothing to ascertain Defendant's dwelling or usual place of abode. This falls short of the diligence required for alternate service. *See Jain v. S1 Biopharma, Co.*, No. 24-cv-924 (CCC), 2024 WL 4563698, at *3 (D.N.J. Oct. 24, 2024) ("several other methods of serving Defendants are apparent to this Court, such as, repeated efforts to serve Defendants at their publicly listed addresses; requests to Defendants for waivers of service in accordance with Federal Rule of Civil Procedure 4(d); or additional internet research, through a private investigator, a search of court records or otherwise."). Although, "due diligence does not require a plaintiff to take every conceivable action to locate a defendant," Plaintiff has made no efforts to locate Defendant beyond attempting service at his law firm address. *Grange Ins. Co. v. Hankin*, No. 21-cv-11928 (MCA) (AME), 2022 WL 855694, at *3 (D.N.J. Mar. 23, 2022) (quotation and citation omitted). Further, Plaintiff has not made any argument, and the record does not indicate, that Defendant is evading service.

**WHEREAS**, because the record here does not clearly demonstrate that statutory methods of serving Defendants have proven ineffective, Plaintiff has failed to establish due diligence. Accordingly, the Court need not address whether the alternative means of service proposed by Plaintiff comports with due process. Before the Court will even consider alternative service, Plaintiff must attempt to locate and serve Defendant through the regular modes.

8

**NOW THEREFORE, IT IS**, on this **14th** day of **April**, **2026**, hereby **ORDERED** as follows:

1. Plaintiff's Motion for Leave to Serve Defendant Through an Authorized Representative

   is **DENIED**.

2. The Clerk is directed to terminate the Motion at ECF No. 15.

3. Plaintiff shall have an additional 30 days to serve Defendant. No further extensions shall

   be granted absent exigent circumstances.

**SO ORDERED.**

*/s/ Stacey D. Adams*
**HON. STACEY D. ADAMS, U.S.M.J.**

Orig:  Clerk
cc:   Parties
      Hon. Esther Salas, U.S.D.J.

8